# B R A C H | E I C H L E R LLC

Keith J. Roberts
Direct Dial: 973-364-5201
Direct Fax: 973-618-5585
E-mail: kroberts@bracheichler.com

January 19, 2024

**VIA CM/ECF FILING**
Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re: *State Farm Mutual Automobile Ins. Co. v. Metro Pain Specialists P.C., et al.*
> 22-1318cv; 22-1362cv; 22-1386cv
> **Requested Supplemental Brief Regarding Subject Matter Jurisdiction**

Dear Ms. O'Hagan Wolfe:

This firm represents Defendants-Appellants-Cross-Appellees Reuven Alon, Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Columbus Imaging Center LLC, Medaid Radiology LLC (collectively referred to herein as "Appellants") in this case. In accordance with the Court's inquiry during oral argument on January 11, 2024, Appellants submit this supplemental brief on the issue of the Court's subject matter jurisdiction in light of the amended complaint filed subsequent to this pending appeal.

Under most circumstances, the filing an amended complaint renders an appeal of a prior order based on the original complaint moot. "[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). For that reason, the filing of an amended complaint will generally moot a pending appeal

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

515 N. Flagler Drive
Suite P-300
West Palm Beach, Florida 33401
561.899.0177

**www.bracheichler.com**

BE:13643245.1/MOS106-284575

when the appeal would require the Court to analyze factual allegations contained in the superseded complaint. *See, e.g., Adamou v. Doyle*, 674 F. App'x 50, 52 (2d Cir. 2017) (summary order) (concluding that an appeal arising out of a second amended complaint "became moot upon the filing of the third amended complaint because the operative facts changed and therefore any relief that we might order would relate to a complaint that no longer has any legal effect").

Mootness, however, can be overcome by the existence of a "live controversy." For example, in *Auto Driveaway Franchise*, the Seventh Circuit stated as follows:

> [A]fter the district court indicated that it was granting a preliminary injunction, there were later procedural changes (the revised pleadings) that we must examine to see if they affected the substantive basis for the district court's order. A quick look reveals that the new pleadings did no more than to add Tactical Fleet to the list of parties; they had no effect on Auto Driveaway's basic grievance. The <u>preliminary injunction is still in place, and it is still constraining the actions of Corbett and his companies. Real-world consequences would attend anything we were to do with it, whether affirmance, modification, or dissolution. That is the definition of a live controversy.</u>

*Id*. (Emphasis added).  Because the injunction was still in place, constraining the parties, and the substantive basis for the order on appeal remained in effect, the Seventh Circuit retained jurisdiction to render a decision on the appeal of the injunction notwithstanding the subsequently amended pleadings. This same reasoning applies to the instant matter.

In addition, the decisions in which the appeal was rendered moot are distinguishable.  For example, in *Tripathy v. McClowski*, 2022 WL 2069228 (2d Cir. June 9, 2022), the district court granted a preliminary injunction in part and denied in part. The plaintiff appealed the order, but prior to the Second Circuit reaching a decision on the appeal, the plaintiff filed an amended complaint requesting *different* injunctive relief. The Second Circuit dismissed the appeal as moot;

because, the district court had not yet considered whether that newly requested injunctive relief was appropriate. As a result, there was no decision for Tripathy to appeal.

The instant matter plainly differs from the facts in *Tripathy*. Here, Plaintiff, State Farm Mutual Automobile Insurance Company, filed a second amended complaint during this pending appeal and requested the same injunctive relief be applied to the newly-added defendants. In an order dated February 6, 2023, the district court summarily applied the injunction to the new defendants <u>without further analysis of the previous complaint</u>. Similarly, the district court did not substantively address the facts in the second amended complaint. The substantive basis for the district court's order, therefore, remained identical.

Accordingly, this Court retains subject matter jurisdiction in this appeal, because a "live controversy" exists with regard to the injunction. <u>Crucially, the Defendants all remain subject to this preliminary injunction and have suffered significant damages, as they have not been paid for many months and Plaintiff continues to withhold payment for medically necessary services provided to State Farm insureds</u>. To allow Plaintiff to escape scrutiny by simply amending the pleading is gamesmanship and must not be countenanced.

Appellants respectfully request the Court to retain jurisdiction over this appeal and reverse the district court's order granting Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

Keith J. Roberts

cc: Counsel of Record via CM/ECF