

Peter A. Stroili
Email: PStroili@kaufmandolowich.com

Kaufman Dolowich LLP
40 Exchange Place, 20th Floor
New York, NY 10005
Telephone: 212.485.9600
Facsimile: 212.485.9700
www.kaufmandolowich.com

January 19, 2024

**VIA CM/ECF FILING**
Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

> Re: *State Farm Mutual Automobile Ins. Co., et al. v. Tri-Borough NY Med. Practice, P.C., et al.*, Nos., 22-1318, 22-1362 and 22-1386: Response to Court's Request to Address Jurisdiction

Dear Ms. O'Hagan Wolfe:

Pursuant to the Court's request at oral argument last Thursday, January 11, 2024, on behalf of Appellants-Cross-Appellees Metro Pain Specialists P.C. ("Metro Pain"), Leonid Shapiro, M.D. ("Dr. Shapiro") and Tri-Borough NY Medical Practice, P.C. ("Tri-Borough"), we address the question presented by the Court as to its continued jurisdiction over this appeal of the District Court's Order dated May 19, 2022, granting in part Respondent State Farm's motion for a preliminary injunction (the "Injunction Order"), in view of the District Court's allowing the filing of a Second Amended Complaint (the "SAC") (1:21-cv-05523, ECF 388) on August 17, 2023. For the reasons discussed herein, the District Court could not, and did not, alter the status quo of this appeal.

The filing of this appeal divested the District Court of jurisdiction over issues pertaining to the Injunction Order. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Ideal Toy Corp. v. Sayco Doll Corp*., 302 F.2d 623, 625 (2d Cir. 1962) ("*Sayco*"); *Coastal Corp. v. Texas Eastern Corp*., 869 F.2d 817, 820 (5th Cir. 1989) ("Under the Second Circuit's *Sayco* doctrine, once the injunction has been appealed the district court lacks jurisdiction 'to tamper in any way with the order then on interlocutory appeal other than to issue orders designed to preserve the status quo of the case as it sat before the court of appeals.'"); *General Mills, Inc. v. Champion Petfoods USA, In*c., 2020 WL 915824 at *2 (S.D.N.Y. Feb. 26, 2020) (holding "district court's power to modify or clarify a preliminary injunction once an appeal has been taken" is limited to "allow[ing] district courts to grant only such relief as may be necessary to preserve the status quo pending an appeal"); *Suski v. Marden-Kane, Inc.*, 2022 WL 3974259 at *3 (N.D. Cal. Aug. 31, 2022) (holding, in context of the filing of amended complaint while an appeal of district court's denial of motion to compel arbitration was pending, that the "appeal deprives this [District] Court of jurisdiction over the issue of arbitration").

As the Fifth Circuit held in *Coastal Corp*., "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that

the district court can divest the court of appeals from jurisdiction while the issue is … on appeal." *Coastal Corp.*, 869 F.2d at 820. Indeed, where the district court "accept[s] an amended pleading that alter[s] the status of the appeal, … the district court wrongfully assert[s] jurisdiction," and therefore, "[t]hat amended pleading … d[oes] not supersede the complaint at issue in th[e] appeal, which means that th[e] appeal is not moot." *Wooten v. Roach*, 964 F.3d 395, 404 (5th Cir. 2020) (holding "the district court was without jurisdiction to accept Wooten's second amended complaint; that her first amended complaint remains operative; and that this appeal is not moot.").

Where an amended pleading is filed while an appeal is pending, the critical issue is "whether the amended pleading[ ] would affect 'the issue on appeal.'" *Id.* Where an amended complaint contains new allegations which affect the issue on appeal, as this Court held in *Medidata Solutions, Inc. v. Veeva Systs. Inc.*, 748 Fed. Appx. 363 (2d Cir. 2018), it "ordinarily supersedes the original and renders it of no legal effect," thereby mooting the pending appeal. *Id.* at 365.[1] However, where the amended complaint does not change the substantive basis for the appeal of a preliminary injunction, the amended complaint does not affect the justiciability of the appeal. *Auto Driveaway Franchise Systs., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019) (holding appeal of preliminary injunction was a "live controversy" which was not mooted, where new pleadings did not change the substantive basis for the appeal); *Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) (holding where "fourth amended complaint does not change" the allegations on which "immunity defense is based … [i]t leaves the status of this appeal of the immunity order unaffected"); *Eggers v. Evnen*, 2022 WL 3867925 at *3 (D. Neb. Aug. 29, 2022) (holding, where "Plaintiffs' proposed amended complaint does not add new legal theories, seek new relief, or otherwise alter the status of the matter on appeal," but "simply seek[s] to add another plaintiff," the amended complaint does not "affect the justiciability of Defendant's pending appeal of the preliminary injunction order"); *Suski*, 2022 WL 3974259 at *3 (distinguishing situation in *Medidata*, in which "the amended complaint contained new factual allegations which superseded the allegations of the prior complaint," from the situation before the Court, where amended complaint's "new factual allegations do not affect the arbitration analysis [at issue on appeal] in any manner").

Here, State Farm represented to the District Court in its motion to modify the preliminary injunction, which it filed simultaneously with its motion to file the SAC, that the SAC "simply builds on the allegations in the [First Amended Complaint]," (1:21-cv-05523; ECF 312, p.7), and that State Farm sought to "simply extend this Court's prior reasoning to new Defendants involved in the same scheme, and which are identically situated (and in fact owned by) Defendants that are already enjoined." (*Id.*, p. 25). Whereas here, the only effect of the amended complaint is to extend the existing preliminary injunctions on appeal to new defendants, the amendment of the complaint has "no effect" on the pending appeal of the preliminary injunction. *Auto Driveaway*, 928 F.3d at 675:

> A quick look reveals that the new pleadings did no more than to add Tactical
> Fleet to the list of parties; they had no effect on Auto Driveaway's basic

---

[1] In *Medidata*, the second amended complaint was filed "before any party submitted briefing" on the appeal. *Medidata*, 748 Fed. Appx. at 365. Here, State Farm's motion to amend the complaint was made, on January 9, 2023, simultaneously with its motion to modify the Injunction Order, some seven months after this appeal was filed, after the Metro Pain defendants had perfected their appeal, and only days before State Farm's appeal brief was due. To divest this Court of jurisdiction over this appeal at this late stage would be extremely prejudicial to Defendants and be totally contradictory to the doctrine of preserving the status quo while an appeal – in this case, of the "drastic" and "extraordinary" remedy of a preliminary injunction – is pending.

grievance. The preliminary injunction is still in place, and it is still constraining the actions of Corbett and his companies. Real-world consequences would attend anything we were to do with it, whether affirmance, modification, or dissolution. That is the definition of a live controversy.

Nor does the SAC seek new injunctive relief which would render this appeal moot. *See Tripathy v. McClowski*, 2022 WL 2069228 at *2 (2d Cir. 2022) (citing *Auto Driveway* and drawing the distinction between request for the "same injunctive relief" at issue on appeal as opposed to "newly requested injunctive relief" in an amended complaint, which "district court ha[d] not yet considered … so there is no decision for Tripathy to appeal at this time").

Here the District Court, in denying State Farm's motion to modify the scope of the Injunction Order, already considered the effect of the filing of the SAC, and held that it did not change the substantive basis of the appeal of its Injunction Order "[b]ecause the existing Injunction already covers the parties Plaintiffs seek to enjoin." (1:21-cv-05523; ECF 426, p.9).[2]

The District Court therefore could not and, as the District Court explicitly indicated in its Order denying State Farm's motion to modify the Injunction Order, did not deprive this Court of jurisdiction over the appeal of the Injunction Order.

                    Very truly yours,

                    */s/ Peter A. Stroili*
                    Peter A. Stroili

cc: All Counsel By ECF

---

[2] The District Court also noted that since it was denying the motion to modify the Injunction Order, it did not need to address the Metro Pain defendants' argument that the motion to modify the Injunction Order – filed only a few days before State Farm's appeal brief was due – was an attempt "to cure 'deficiencies in the appellate record' by adding new sworn evidence." (*Id.* at p.6) (citing Metro Pain's brief in opposition to motion to modify – ECF 325, pp. 2-4).