

1919 Pennsylvania Ave., NW.
Suite 800
Washington, DC 20006
+1.202.625.3500 tel
katten.com

January 19, 2024

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**ROBERT T. SMITH**
robert.smith1@katten.com
+1.202.625.3616 direct
+1.202.339.6059 fax

**Re:** *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice, P.C.*, Nos. 22-1318, 22-1362 & 22-1386: Letter Filed at Direction of Court

Dear Ms. O'Hagan Wolfe:

The Court directed State Farm to address two issues in this letter: (1) whether the Court maintains appellate jurisdiction after State Farm amended its complaint and (2) whether there is record support showing the defendants file no-fault lawsuits and arbitrations in piecemeal fashion to obscure their fraud and inundate State Farm with legal actions. This letter also briefly addresses a question that came up during oral argument: whether State Farm's New York policies are required to reference the State-mandated right to arbitrate disputes over no-fault benefits.

1. **The Court retains appellate jurisdiction, but if it has doubts, it can resolve the issue through either of two procedural devices.**

Although State Farm amended its operative complaint during the pendency of this appeal, this Court's jurisdiction is undisturbed. The district court's order enjoining the defendants remains in place, and the parties have a live case or controversy involving that order. The defendants are still constrained, and State Farm is still aggrieved by the scope of the order, which does not enjoin the defendants from pursuing any lawsuits that were and remain pending.[1]

As Judge Lynch noted, this Court and others have recognized later events can moot an appeal from an order granting or denying a preliminary injunction. *See, e.g.*, *Tripathy v. McClowski*, No. 21-3094, 2022 WL 2069228 (2d Cir. 2022) (summary order); *Auto Driveway Franchise Sys., LLC v. Auto Driveway Richmond, LLC*, 928 F.3d 670 (7th Cir. 2019). But State Farm's amended complaint is not one of them.

As *Tripathy* and *Auto Driveway* teach, an amended complaint can moot such an appeal in two ways: It can alter the form of relief requested, or it can alter the substantive basis for the injunction. Thus, in *Tripathy*, the plaintiff mooted his interlocutory appeal because, after taking it, he amended his complaint to remove the only requests for injunctive relief that would have been at issue in his appeal and replaced them with requests the district court never had an opportunity to consider. 2022 WL 2069228, at *2. By contrast, in *Auto Driveway*, the Seventh Circuit held an amended complaint did not moot an appeal because the new complaint made changes that had "no effect on [the plaintiff's] basic grievance." 928 F.3d at 675. The court also

---

[1] There were 215 pending lawsuits when State Farm first applied for a preliminary injunction. J.A.255. As of January 8, 2024, 103 of these lawsuits remain pending.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

emphasized the preliminary injunction was "still in place," and it was "still constraining the actions of [the defendant] and his companies." *Id.*

This case is like *Auto Driveway*, not *Tripathy*. State Farm did not alter its basic grievances against the defendants who have chosen to appeal. Rather, it supplemented the complaint with new details and evidence about their fraud, and it added new defendants. For example, the new complaint still accuses Yan Moshe of helping to orchestrate the fraud, but now, it includes an affidavit filed in support of a wiretap application that recounts how a conspirator in a federal criminal case discussed proposed pay-to-play schemes with Mr. Moshe involving his clinics and ambulatory surgery centers. 2d Am. Compl. ¶ 255 & Ex. 1 (Dkt. Nos. 388 & 388-1).

Like the old complaint, the new one still includes detailed claims data and exhibits showing the defendants are providing fraudulent, pre-canned treatments, but State Farm also filed declarations swearing to the accuracy of the underlying claims data. Costanzo Decl. (Dkt. No. 311); Knox Decl. (Dkt. No. 312). One of the declarations also swears the lack of variability in diagnoses and treatments is indicative of fraud. Dkt. No. 311 ¶ 36. In addition, State Farm filed a declaration updating the number of arbitrations and no-fault lawsuits the defendants have filed. Babin Decl. (Dkt. No. 312). As explained there, the new defendants have brought 806 arbitrations and 234 no-fault lawsuits, including 74 lawsuits that were pending when that declaration was filed. *Id.* That raises the total number of no-fault proceedings to 3,970 across all defendants. *See id.* These new declarations add more detail and evidentiary support, but they do not alter State Farm's basic grievances.

Just as critically, unlike in *Tripathy*, State Farm's complaints contain the same requests for relief. J.A.202; Dkt. No. 388 at 187. And to preserve the status quo, both complaints require the same forms of preliminary injunctive relief, which State Farm requested through a stand-alone motion. J.A.204. Thus, "the underlying dispute" over the injunction remains "undisturbed." *Auto Driveway*, 928 F.3d at 674. That makes sense. After all, parties may take appeals from "*orders* . . . granting" or "refusing" an injunction, 28 U.S.C. § 1292(a)(1) (emphasis added); the order at issue here is still affecting the parties in a real way; and State Farm did alter its requests for relief.

For what it's worth, the district court did not believe State Farm's new complaint affected the injunction at issue here. When State Farm sought leave to file its new complaint, it moved for a temporary restraining order and modification of the preliminary injunction to capture the new defendants State Farm had proposed adding. Dkt. No. 310. The court issued a temporary restraining order, Dkt. No. 331, but declined to modify the injunction because, in its view, the existing injunction already reached the new defendants, Dkt. No. 426. The court invoked Federal Rule of Civil Procedure 65(d)(2)(C), reasoning the new defendants were covered by the existing injunction because they were "'other persons who are in active concert or participation with'" the existing defendants. *Id.* at 8. As such, the court effectively opined that even on the new complaint it would keep the existing injunction in place.[2]

---

[2] Although the district court's order denied State Farm's motion to modify the preliminary injunction, it held the injunction applied to the new defendants. Dkt. No.

This Court's appellate jurisdiction is thus secure, but if it has any doubt, it can avail itself of either of two procedural devices. *First*, the Court could treat the order declining to modify the injunction as an indicative ruling that the district court would maintain the existing injunction on the new record. If the Court elects this route, it could remand to the district court to reissue the injunction while retaining jurisdiction over the appeal. *See* Fed. R. App. P. 12.1(b). The Court could then review the new order expeditiously in this appeal. *Second*, this Court could keep the appeal open under *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), while remanding to the district court to make additional findings. Judge Friendly forged this path in *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir. 1975). There, the Court remanded so the district court could make additional findings on the plaintiffs' likelihood of success on the merits without vacating the existing injunction. *See id.* at 1018-19.

2. **The record shows defendants file piecemeal no-fault lawsuits and arbitrations to hide their fraud and inundate State Farm.**

Under New York's no-fault system, a provider may pursue all disputes over payment arising out of a single accident in one no-fault lawsuit or arbitration. What a provider may not do is bring a single no-fault proceeding over disputes involving unrelated accidents. Resp. Br. 31-32 (citing cases).

As the record shows, rather than pursue an efficient path through the no-fault system, the defendants have repeatedly initiated multiple no-fault lawsuits and arbitrations involving a single accident—where each accident is represented by a distinct insurance claim number. For example, Metro Pain Specialists filed *fifteen separate arbitrations* associated with Claim Number 3203P937C, including *three separate arbitrations initiated on the same day*. J.A.260. There are *103 other instances* where a defendant filed *two or more arbitrations on the same day* involving one accident/insurance claim, J.A.258-95, including one instance where a defendant initiated *five distinct arbitrations on the same day* involving a single insurance claim, J.A.286. And on *twenty-two occasions*, a defendant filed *multiple no-fault lawsuits on the same day* involving a single insurance accident/claim. *See* J.A.297-301.

3. **New York law requires insurers to include the State-mandated right to arbitrate as a mandatory policy endorsement.**

New York law requires insurers to include in their policies the State-mandated right to arbitrate through the following mandatory endorsement: "Arbitration. In the event any person making a claim for first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Financial Services." 11 N.Y. C.R.R. § 65-1.1(d).

    Respectfully submitted,
    */s/ Robert T. Smith*
    Robert T. Smith

---

426. As a result, State Farm "received all" the relief it "ha[d] sought"; it therefore was "not aggrieved by" the order and could "[ ]not appeal from it." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980).